**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA PAULINA CANAR YANEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71977 <br><br> Agency No. A073-050-375 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2014[**]
San Francisco, California

Before: THOMAS, Chief Judge, REINHARDT and CHRISTEN, Circuit Judges.

Veronica Canar Yanez, a native and citizen of Ecuador, petitions for review

of an order from the Board of Immigration Appeals (BIA) denying her application

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for adjustment of status, and an Immigration Judge's denial of her request for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252(d) to consider Canar Yanez's administratively exhausted claims. We dismiss in part and deny in part Canar Yanez's petition.[1]

1. To establish eligibility for adjustment of status an alien must prove she "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence." 8 U.S.C. § 1255(a)(2) (eligibility); *see also* 8 U.S.C. § 1229a(c)(4)(A)(i) (burden of proof). Here, evidence indicates that Canar Yanez is permanently inadmissible for having "falsely represented . . . herself to be a citizen of the United States." 8 U.S.C. § 1182(a)(6)(C)(ii)(I). Canar Yanez argues she did not falsely represent herself to be a citizen because she could have been claiming to be a non-citizen national by applying for a passport using a Puerto Rican birth certificate. This argument impermissibly shifts the burden of proof. *See* 8 C.F.R § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply."). Further, persons born in Puerto Rico are United States citizens. 8 U.S.C.

---

[1] The parties are familiar with the facts, so we will not recount them here.

§ 1402. By claiming that she and both her parents were born in Puerto Rico, Canar Yanez could not have been claiming to be a non-citizen national. Canar Yanez has not met her burden of proving that she is admissible to the United States, and she is therefore ineligible for adjustment of status.

2. Canar Yanez claims the BIA violated her right to due process by failing to consider her argument that she did not sign the passport application. This claim fails because Canar Yanez has not shown that she did not sign the application, or that she was denied due process or prejudiced by any such denial. *See Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008). The BIA adequately explained that Canar Yanez had the burden of proving her passport application did not include a claim to United States citizenship and that she failed to meet her burden. Even assuming Canar Yanez did not sign the passport application, she admitted to completing a passport application indicating she was born in Puerto Rico, and to purchasing a counterfeit Puerto Rican birth certificate. These admissions are sufficient to show that she falsely represented herself to be a citizen whether or not she signed the passport application.

3. Because Canar Yanez did not argue before the BIA that her passport application should not be considered as evidence, we lack jurisdiction to consider that claim. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th

3

Cir. 2004) (concluding that administrative exhaustion applies to due process claims based on correctable procedural errors).

4.      We also lack jurisdiction to review denial of Canar Yanez's application for voluntary departure because she failed to exhaust this claim by raising it before the BIA.  *See* 8 U.S.C. § 1252(d)(1).

**PETITION DISMISSED IN PART AND DENIED IN PART**.